UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRENDIA FORD, ET AL

VERSUS                                                CIVIL ACTION

MAYOR-PRESIDENT CITY OF                               NUMBER 07-79-JJB-SCR
BATON ROUGE, ET AL

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, September 21, 2007.

                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRENDIA FORD, ET AL

VERSUS                                                CIVIL ACTION

MAYOR-PRESIDENT CITY OF                               NUMBER 07-79-JJB-SCR
BATON ROUGE, ET AL

MAGISTRATE JUDGE'S REPORT

This case is before the court on an order to plaintiff Brendia Ford to show cause why the complaint should not be dismissed pursuant to Local Rule 41.3M and Rule 41(b), Fed.R.Civ.P., for failure to prosecute. In the show cause order the court also questioned whether the defendants have been properly served. Record document number 11.

Pro se plaintiff Brendia Ford filed this action presumably pursuant to 42 U.S.C. § 1983 against Baton Rouge Mayor-President Holden and the Baton Rouge Police Department. The complaint was filed originally in the United States District Court for the Eastern District of Louisiana and was then transferred to this court.[1]

Plaintiff was ordered to show cause why her complaint should not be dismissed for failure to prosecute. In the show cause

---

[1] When the complaint was filed there were numerous other plaintiffs. Plaintiff Brendia Ford is now the only remaining plaintiff in this case. See record document number 10, Order severing the claims of the other plaintiffs.

order, the court also questioned the validity of service of process on defendants.

Plaintiff argued in her response that there are four motions pending in this case. However, she is mistaken. There are none. The motion regarding the dismissal of Kenya R. Ford Nash was filed in another case, *Brendia Joycia Ford, et al v. Federal Emergency Management Administration*, et al, CV 07-263-JVP-SCR.[2] The other matters described by the plaintiff as "motions" are not motions in either case. Plaintiff cannot seek relief in this case for the claims she brought in her other case. These are separate cases.

Because the lack of progress in this case stems from the plaintiff's apparent failure to timely and properly serve the defendants, the court will address service of process.

Plaintiff is responsible for timely and proper service of a summons and the complaint within the time allowed under Rule 4(m). Rule 4(c)(1), Fed.R.Civ.P.

Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for

---

[2] Record document number 19 in CV 07-263-JVP-SCR. That motion was granted July 24, 2007. Record document number 20 CV 07-263-JVP-SCR.

2

an appropriate period.

In her response to the show cause order Ford contended that Corey Nash "is not a part[y] in this suit" and the mayor' secretary "refused to take the Complaint."[3]  She claims that she sent all complaints by certified and registered mail to the mayor's office and the police department, "which were signed by their attorneys."

Plaintiff's representations are not supported by the service returns file in the record.  Although he is not listed in the caption of the case nor identified as a plaintiff in the complaint itself, Corey Nash signed the complaint.[4]  Therefor, at the time of the purported service Nash was arguably a party.  Rule 4(c)(2) provided that service under Rule (4) cannot be made by person who is a party.  The certified mail receipts submitted with the plaintiffs response to the show cause order are dated more than five months after the summons were filed and are merely affixed to an otherwise blank Return of Service form.  Moreover, service by mail, regular or otherwise, is not proper service under Rule 4(e) on the defendants in this case.

Under Rule 4(m), the plaintiff had 120 days from the date she filed her complaint to serve the defendants.  Ford filed her complaint on October 6, 2006, in the United States District Court

---

[3] Record document numbers 13.

[4] Record document number 1, Complaint, second unnumbered page following p. "18".

for the Eastern District of Louisiana and attempted to serve the defendants soon thereafter.  Because the plaintiff did make an effort to timely serve the complaint, the court should exercise its discretion under Rule 4(m) and allow the plaintiff some additional time to properly serve the defendants with a summons and both the original an amended complaints.  Should she fail to do so, her complaint should be dismissed pursuant to Rule 4(m).

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the plaintiff be granted an additional 20 days from the date of this report to properly serve the defendants in a manner authorized by Rule 4(m) with a summons and both the original and amended complaints, and to file evidence of proper service in the record. Should she fail to do so, it is the further recommendation that the plaintiff's complaint be dismissed for failure to serve the defendants within the time allowed by Rule 4(m), Fed.R.Civ.P.

No recommendation is made at this time regarding failure to prosecute.

Baton Rouge, Louisiana, September 21, 2007.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE